■ MARY S. DORMANN, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 33271.)—Motion for permission to appeal to the Court of Appeals denied, without costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ ALICE A. GALBREATH, Appellant, v. NEW YORK STATE REALTY LIQUIDATING CORP., Respondent, et al., Defendant.—Appeal from an order entered on a decision at a Trial Term, Supreme Court, Albany County. Defendant-respondent is the owner of a building which was rented to defendant Burnett. Plaintiff was a subtenant of defendant Burnett and fell on the stairway. Her fall was due to an accumulation of oil on the stairway. She describes the bannister as shaky and rickety, but it did not give way or break as she slipped and how its condition entered into the causation of the fall is not shown. The hallway at this point was dark; there was a light fixture, but it contained no bulb. On this state of facts the complaint had been dismissed by the Trial Term as against the corporate defendant owner. Where the entire premises are demised, the owner ordinarily retains no responsibility for defects in the premises which cause injury unless the defects are latent and known to the lessor to exist; or unless the owner retains control of the premises or the part of the premises found to be dangerous. There is no proof that plaintiff's fall was due to a defect in the premises; but rather to the manner in which it was maintained in respect of oil being left on the stairs and the hall being unlighted. The owner would not be responsible for maintenance on the facts shown by this record. The proof in support of plaintiff's contention of retention of control by the owner of the maintenance of the premises was that the owner had paid two plumbing bills. But it is uncontradicted that these were paid for the financial accommodation of the general tenant and were repaid to the owner by her. In this state of the record there is insufficient proof to establish retention of control by the owner. Order and judgment affirmed, without costs. Foster, P. J., Bergan, Coon and Gibson, JJ. concur.